BAKER'S MUTUAL COOPERATIVE ASSOCIATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33265.   Promulgated August 26, 1930.

*Louis E. Spiegler, Esq.*, and *N. Norman Mayer, Esq.*, for the petitioner.

*Bruce A. Low, Esq.*, for the respondent.

594

**OPINION.**

Van Fossan: The question at issue in this proceeding is to be determined under the provisions of section 234 (a) (5) of the Revenue Act of 1924. This section provides that in computing the net income of a corporation there shall be allowed as deductions:

Debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve

for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.

Regulations 62, promulgated by the Commissioner under the provisions of the Revenue Act of 1921, provides, in part, as follows:

ART. 151. *Bad debts.*—Bad debts may be treated in either of two ways—(1) by a deduction from income in respect of debts ascertained to be worthless in whole or in part, or (2) by a deduction from income of an addition to a reserve for bad debts. For the year 1921 taxpayers may, regardless of their previous practice, elect either of these two methods and will be required to continue the use in later years of the method so elected unless permission to change to the other method is granted by the Commissioner.

By article 151 of Regulations 65, promulgated by the Commissioner under the Revenue Act of 1924, it is provided, in part, as follows:

Taxpayers were given an option for 1921 to select either of the methods mentioned for treating such debts. See article 151, Regulations 62. The method used in the return for 1921 must be used in returns for subsequent years and for returns under the Revenue Act of 1924 unless permission is granted by the Commissioner to change to the other method.

In 1921 petitioner had charged all bad debts to profit and loss and had credited the amounts of the respective bad debts to the proper accounts receivable. It had continued this procedure up to the date it credited the amount of the bad debt now in question to " reserve for bad debts." Petitioner had not secured permission of the Commissioner to change its method of treating bad debts. Therefore, in view of the quoted provisions of the regulations petitioner was not entitled, in its return for the taxable period, to deduct any amount on account of the reserve for bad debts which it had set up. *Kay Mfg. Co.*, 18 B. T. A. 753. Nevertheless, if the debt was ascertained to be worthless within the taxable period and was charged off within the same period, petitioner is entitled to a deduction of the amount thereof. The statutory right of a taxpayer to a deduction is not to be destroyed by its initial failure to put its claim on a technically proper basis. *Rhode Island Hospital Trust Co.* v. *Commissioner*, 29 Fed. (2d) 339. In *Ewald & Co.*, 18 B. T. A. 1130, 1133, we said:

Whether a charge-off has been effected is not dependent upon any special form of bookkeeping, * * *. The fundamental purpose in requiring the charge-off is to evidence the worthlessness of the debt. * * * The effective elimination of the debt as an asset meets the statutory requirement as to charge-off.

We have found as a fact that it was ascertained in 1924 that the unsecured balance of the amount owed to petitioner by the Jersey Bake Shops was worthless. In February, 1925, the debt was charged to profit and loss as of December 31, 1924. The charge to profit and loss evidenced the worthlessness of the debt and eliminated it from

the assets of petitioner. *Ewald & Co., supra; O. S. Stapley Co.*, 13 B. T. A. 557. The entry charging the debt to profit and loss as of December 31, 1924, was made before petitioner's books for 1924 were closed and was made under the direction of responsible officials of petitioner within a reasonable time. This constituted it a charge-off in the taxable period within the intendment of the statute. *Mason Machine Works Co.*, 3 B. T. A. 745; *George H. Fraser*, 6 B. T. A. 997; *State Bank of Alcester*, 8 B. T. A. 878; *Bank of Duplin*, 12 B. T. A. 652; *Dillon Supply Co.*, 20 B. T. A. 404. And we do not consider it of moment in respect to the question at issue that a credit entry was made in 1925 in the account of the Jersey Bake Shops. The amount so credited represented discounts and interest on deposits accrued in 1924 and the credit entry operated solely to reduce the amount of the unsecured indebtedness.

We are, therefore, of the opinion that the petitioner is entitled to the deduction from income for the taxable period of the amount of the debt in question, namely, $5,435.03, less the credit of $930.03 for discounts on purchases and interest on deposits.

*Decision will be entered under Rule 50.*